UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL FRIEDMANN,<br><br>Plaintiff,<br>v.<br><br>INTERNAL REVENUE SERVICE et al.,<br><br>Defendants. | CASE NO. 3:23-cv-05075-TL<br><br>SECOND ORDER REGARDING DEFICIENT SERVICE OF PROCESS |

Plaintiff Michael Friedmann filed a Proposed Complaint with an application to proceed *in forma pauperis* on January 29, 2023. Dkt. No. 1. His application was granted on February 6 by the Honorable David W. Christel, United States Magistrate Judge, and his Complaint was filed on the docket that same day. Dkt. Nos. 3–4. Mr. Friedmann failed to file proof of service per the Federal Rules of Civil Procedure ("FRCP"), but because he is a pro se plaintiff, the Court granted Mr. Friedmann additional time to serve process or to show cause for why the Court should not dismiss his Complaint. Dkt. No. 8. On June 30, 2023, the Court received Mr. Friedmann's response that included proof of service by mail on some, but not all entities required

to initiate a lawsuit in federal court against the United States government and its agencies pursuant to FRCP 4(i). *See* Dkt. Nos. 9–10. The Court granted Mr. Friedmann an additional extension until August 11, 2023, to allow time to serve the missing entities. Dkt. No. 10. Mr. Friedmann filed additional proof of service on August 7, indicating that he accomplished personal service on the same entities that he had previously served by mail. *Compare* Dkt. No. 11 *with* Dkt. No. 9.

The rule governing service of process on U.S. government agencies requires plaintiffs to serve the agency itself as well as any individually named agency employees. Fed. R. Civ. P. 4(i)(1)(c). However, plaintiffs must also serve the United States, by and through service on the United States attorney for the district where the action is brought and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)(A) and (B). Here, Plaintiff has provided proof of service on the agency and named agency employee but has not provided proof of service on the United States as required by Rule 4(i)(1)(A) and (B).

"[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). That said, a pro se plaintiff's pleadings generally should be held "to less stringent standards than formal pleadings drafted by lawyers." *E.g., Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Additionally, here the rule itself contemplates further leniency for plaintiffs under similar circumstances. *See* Fed. R. Civ. P. 4(i)(4)(B) (requiring courts to grant additional time to accomplish service of process for plaintiffs who, having served a United States officer or employee, failed to serve the United States). For these reasons, the Court finds good cause to grant Mr. Friedmann one more opportunity to complete service on the United States as described in FRCP 4(i)(1)(A) and (B).

The Court therefore ORDERS Mr. Friedmann to file proof of service consistent with the requirements of FRCP 4(i)(1)(A) and(B), or waiver, by **no later than Friday, September 1, 2023**. If the United States makes an appearance on behalf of the named defendants by this deadline, the Court will assume that service was properly accomplished, and no further action will be required pursuant to this Order.

Dated this 21st day of August 2023.

Tana Lin
United States District Judge