# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICHAEL FRIEDMANN,<br><br>        Plaintiff,<br>v.<br>INTERNAL REVENUE SERVICE et al.,<br><br>        Defendants. | CASE NO. 3:23-cv-05075-TL<br><br>OMNIBUS ORDER ON DEFENDANTS' MOTION TO DISMISS, PLAINTIFF'S MOTION FOR LEAVE TO AMEND, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DEFENDANTS' MOTION UNDER RULE 56(D) |

      Plaintiff brings various claims relating to a 2018 tax refund he alleges he did not receive. This matter is before the Court on Defendants' Motion to Dismiss. Dkt. No. 25. Having considered the relevant record and finding oral argument unnecessary, the Court GRANTS Defendants' motion to dismiss. Because the Court dismisses Plaintiff's Complaint with leave to amend for the reasons stated in this Order, the Court DENIES AS MOOT Plaintiff's Motion for Leave to Amend (Dkt. No. 26), Plaintiff's Motion to Strike All Responsive Filings By

Defendants and Motion for Summary Judgment (Dkt. No. 28), and Defendants' Motion Under Federal Rule of Civil Procedure 56(d) (Dkt. No. 32).

## I.   BACKGROUND

### A.   Factual Background

The facts alleged in Plaintiff's complaint, which the Court takes as true for purposes of this Order, are as follows: Plaintiff Michael Friedmann is a Washington resident and taxpayer. Dkt. No. 24 at 1, 4. In 2018, Mr. Friedmann filed his taxes and was entitled to a tax refund of $5,229 from the Internal Revenue Service ("IRS"), which he never received. *Id.* at 4.

Mr. Friedmann has made numerous attempts to obtain his 2018 tax refund from the IRS. He has made "countless" phone calls to the agency, "utilized the Tax Advocacy Service," "submitted more than one Notice of Intent to File Lawsuit," and submitted "an Administrative Claim" in attempts to secure the release of his 2018 tax return. *Id.* Mr. Friedmann alleges that the IRS is requiring him to prove that the two children he claimed on his 2018 tax return are his, despite claiming them both as dependents on his tax return without issue since their births in 2010 and 2014. *Id.* at 4–5.

Due to the IRS's failure to provide his tax return, Mr. Friedmann alleges, he and his minor children lost "belongings" and became homeless. *Id.* at 4. Mr. Friedmann brings claims under 26 U.S.C. § 7433 for the reckless, intentional, or negligent disregard of "the tax law," 26 U.S.C. § 7432 for failure to release a lien, and 26 U.S.C. § 7426 for various civil actions by persons other than taxpayers. *Id.* at 3. Mr. Friedmann also appears to allege an intentional tort or negligence claim, as well as a claim for costs. *See id.* at 4.

### B.      Procedural Background

Mr. Friedmann moved for leave to proceed in forma pauperis on January 29, 2023. Dkt. No. 1. The Court granted Mr. Friedmann's motion (Dkt. No. 3), and Mr. Friedmann subsequently filed his complaint on February 6, 2023 (Dkt. No. 4).

Following Defendants' appearance, Defendant United States moved unopposed for an extension of time to answer Mr. Friedmann's complaint. Dkt. No. 19. The Court granted the extension (Dkt. No. 20), but Mr. Friedmann filed an amended complaint before the new deadline for Defendants' response (Dkt. No. 24). Defendants filed the instant motion to dismiss on January 30, 2024. Dkt. No. 25. Mr. Friedmann subsequently filed a motion for leave to further amend his complaint and a motion for summary judgment. Dkt. Nos. 26, 28.

## II.      LEGAL STANDARD

### A.      Dismissal Under Rule 12(b)(1)

A motion to dismiss may be brought where subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(b)(1). The Court must dismiss a case if it determines that it lacks subject matter jurisdiction "at any time." Fed. R. Civ. P. 12(h)(3). When a Rule 12(b)(1) motion is filed together with other Rule 12 motions, the Court must generally resolve the question of subject matter jurisdiction before reaching other threshold issues or proceeding to the merits. *See Potter v. Hughes*, 546 F.3d 1051, 1056 n.2 (9th Cir. 2008) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)); *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1175–76 (S.D. Cal. 2007) ("When a motion to dismiss for lack of subject matter jurisdiction is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion first." (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))).

A motion to dismiss for lack of subject matter jurisdiction may be either a facial attack (challenging the sufficiency of the pleadings) or a factual attack (presenting evidence contesting

the truth of the allegations in the pleadings). *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "When reviewing a [facial] dismissal pursuant to Rule 12(b)(1) . . . , 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (second alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States,* 859 F.3d 1152, 1156–57 (9th Cir. 2017)). However, "[i]f the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Wolfe*, 392 F.3d at 362 (quotation and citation omitted). When addressing a factual attack, a court may consider evidence outside of the complaint without converting the motion to dismiss into a motion for summary judgment. *Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1151 (9th Cir. 2019) (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). Thus, the district court has the power to dismiss for lack of subject matter jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Schmidt v. Guyton*, 93 F.R.D. 399, 401 (D. Nev. 1982) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

**B.     Dismissal Under Rule 12(b)(6)**

A defendant may also seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a FRCP 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare

1   recitals of the elements of a cause of action, supported by mere conclusory statements" are

2   insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content

3   that allows the court to draw the reasonable inference that the defendant is liable for the

4   misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule . . .

5   12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the

6   light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft*, 926 F.3d at 1122

7   (alteration in original) (quoting *Snyder*, 859 F.3d at 1156–57).

8       "If a complaint is dismissed for failure to state a claim, leave to amend should be granted

9   unless the court determines that the allegation of other facts consistent with the challenged

10  pleading could not possibly cure the deficiency." *Or. Clinic, PC v. Fireman's Fund Ins. Co.*, 75

11  F.4th 1064, 1073 (9th Cir. 2023) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806

12  F.2d 1393, 1401 (9th Cir. 1986)). A revised complaint would replace the current complaint.

13  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012) (en banc) ("[T]he general rule is that

14  an amended complaint supercedes the original complaint and renders it without legal effect.").

15  "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is

16  entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal

17  of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

18              **III.    DISCUSSION**[1]

19  **A.    The United States is the Proper Defendant in this Action**

20      Mr. Friedmann names the IRS and the former Commissioner of the IRS, Charles P.

21  Rettig, as defendants in this action. Dkt. No. 24 at 2. Defendants contend that the IRS and

---

[1] Mr. Friedmann makes a number of ad hominem attacks against Defendants' counsel. Dkt. No. 27 at 7. While the Court declines to address the majority of these attacks, it notes that Defendants' counsel is properly admitted before the Court pursuant to Local Rule 83.1(b), which says that an attorney is eligible for admission if he or she is " a member in good standing of the bar of any state and employed by the United States or one of its agencies in a professional capacity and who, while being so employed may have occasion to appear in this court on behalf of the

1  Mr. Rettig should be dismissed as defendants, and that the United States should be substituted as
2  the proper party defendant. Dkt. No. 25 at 3.

3  Defendants are correct that the United States is the proper defendant in an action seeking
4  the recovery of a civil tax refund, as Mr. Friedmann seeks here. *See, e.g.*, *Grossman v. Comm'r*
5  *of Internal Revenue*, 687 F. Supp. 1401, 1402 (N.D. Cal. 1987); *McNeil v. IRS*, No. C08-2432,
6  2010 WL 703058, at 1 n.3 (E.D. Cal. Feb. 25, 2010). First, as Defendants note, in any lawsuit
7  where the requested relief would "expend itself on the public treasury or domain," the United
8  States is the proper party defendant. *Dugan v. Rank*, 372 U.S. 609, 620 (1963); Dkt. No. 25 at 3.

9  Second, the statutory bases for Mr. Friedmann's asserted claims only permit suits against
10 the United States, not against the IRS or its agents. *See* 26 U.S.C. §§ 7426, 7432, 7433; *see also*
11 *Fisher v. U.S.*, 676 F. Supp. 2d 1165, 1168 (W.D. Wash. 2009). Regardless of whether
12 Mr. Friedmann has valid claims against the IRS or Mr. Rettig, he cannot pursue them via
13 26 U.S.C. §§ 7426, 7432, or 7433.

14 The Court therefore DISMISSES the IRS and Mr. Rettig and SUBSTITUTES the United States
15 in their stead.

16 **B.    The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims**

17 Defendant first argues that the Court lacks jurisdiction over Mr. Friedmann's claims
18 because Mr. Friedmann has not alleged that he exhausted all administrative remedies as to his
19 statutory claims, Mr. Friedmann lacks standing for his Section 7426 claim because he is not a
20 third party, and Mr. Friedmann has not identified a valid waiver of sovereign immunity as to his
21 common law claims. Dkt. No. 25 at 4.

---

24 United States or one of its agencies." LCR 83.1(b)(2). Counsel is therefore not required to maintain a valid license to practice law in the State of Washington.

### 1. Exhaustion of Administrative Remedies

The statutory basis for each of Mr. Friedmann's claims includes a requirement that the plaintiff exhaust all administrative remedies before the Court may assert jurisdiction over the claim. *See Conforte v. U.S.*, 979 F.2d 1375, 1377 (9th Cir. 1992) (finding that requirement to exhaust administrative remedies is jurisdictional).

#### a.  *Exhaustion Requirements*

(1)   26 U.S.C. § 7426

To maintain a claim under Section 7426, a plaintiff's administrative remedies must be exhausted under the rules of Section 7433(d), which states that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. §§ 7426(h)(2), 7433(d)(1). There are two requirements to exhaust administrative remedies. First, an action to enforce liability under the section "may be brought only within 2 years after the date the right of action accrues."[2] 26 U.S.C. § 7433(d)(3); *see also* 26 C.F.R. § 301.7433-1(g).

Second, certain procedures must be followed. 26 C.F.R. § 301.7433-1(e) lays out the procedures for an administrative claim for a civil cause of action in connection with the collection of a federal tax. *See* 26 C.F.R. § 301.7433-1(a). It requires that the plaintiff send the claim in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer resides. 26 C.F.R. § 301.7433-1(e)(1). The claim must include:

> (i)   The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

---

[2] The time limitation will be discussed in Section III of this Order.

        (ii)    The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

        (iii)    A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

        (iv)    The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

        (v)    The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e)(2).

### (2) 26 U.S.C. § 7432

Similarly, to maintain a claim under Section 7432, a plaintiff must "exhaust[] the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7432(d)(1). Once again, there are two requirements to exhaust administrative remedies. First, an action to enforce liability under the section "may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7432(d)(3); *see also* 26 C.F.R. § 301.7432-1(i).

Second, certain procedures must be followed. 26 C.F.R. § 301.7426-1(f) lays out the procedures for an administrative claim for a civil cause of action for failure to release a lien. *See* 26 C.F.R. § 301.7426-1(a). It requires that the plaintiff send the claim in writing to the district director (marked for the attention of the Chief, Special Procedures Function) in the district in which the taxpayer resides or in the district in which the notice of federal tax lien was filed. 26 C.F.R. § 301.7426-1(f)(1). The claim must include:

        (i)    The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

OMNIBUS ORDER ON DEFENDANTS' MOTION TO DISMISS, PLAINTIFF'S MOTION FOR LEAVE TO AMEND, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DEFENDANTS' MOTION UNDER RULE 56(D) - 8

    (ii)  A copy of the notice of federal tax lien affecting the taxpayer's property, if available;

    (iii)  A copy of the request for release of lien made in accordance with § 401.6325-1(f) of the Code of Federal Regulations, if applicable;

    (iv)  The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

    (v)  A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

    (vi)  The dollar amount of the claim, including any damages that have not yet been incurred but that are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

    (vii)  The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7426-1(f)(2).

    (3)  <u>26 U.S.C. § 7433</u>

  Finally, to maintain a claim under Section 7433, a plaintiff must "exhaust[] the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). As with the other two claims, there are two requirements to exhaust administrative remedies. First, an action to enforce liability under the section "may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3); *see also* 26 C.F.R. § 301.7433-1(g).

  Second, certain procedures must be followed. 26 C.F.R. § 301.7433-1(e) lays out the procedures for an administrative claim for a civil cause of action in connection with the collection of a federal tax. *See* 26 C.F.R. § 301.7433-1(a). It requires that the plaintiff send the claim in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer resides. 26 C.F.R. § 301.7433-1(e)(1). The claim must include:

        (i)       The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

        (ii)      The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

        (iii)     A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

        (iv)     The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

        (v)      The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e)(2).

        **b.**      ***Application of Exhaustion Requirements to Plaintiff's Complaint***

Mr. Friedmann asserts that he "submitted an administrative claim." Dkt. No. 24 at 4. Additionally, he argues that he made "countless phone calls," "utilized the Tax Advocacy Service," "submitted more than one Notice of Intent to File Lawsuit," and "contacted US District Attorneys [to] inform[] them a lawsuit would begin." *Id.* Defendants counter by arguing that Mr. Friedmann did not make any administrative claims for damages pursuant to 26 U.S.C. §§ 7426, 7432, or 7433, and submit the sworn declaration of Eric Hall, a Technical Advisor of the Civil Enforcement Advice & Support Operations at the IRS, to testify to that effect. Dkt. No. 25 at 6; Dkt. No. 25-1. Mr. Friedmann responds that Mr. Hall perjured himself (Dkt. No. 27 at 2) but does not submit any evidence showing that he submitted administrative claims to the IRS for damages pursuant to 26 U.S.C. §§ 7426, 7432, or 7433 (*see* Dkt. Nos. 27-1, 27-2).

Mr. Friedmann submits a number of exhibits in support of his assertion that he exhausted all administrative remedies available. Dkt. No. 27 at 4; *see* Dkt. Nos. 27-1, 27-2 (exhibits).

However, none of these exhibits demonstrate the submission of administrative claims to the IRS that comport with the statutory requirements of 26 U.S.C. §§ 7426, 7432, or 7433. At a minimum, Mr. Friedmann must allege that he included all the information required by 26 C.F.R. §§ 301.7432-1(f)(2) and 301.7433-1(e)(2) in the administrative claims that he sent to the IRS. For example, the notice must be submitted in writing. Therefore, the phone calls Mr. Friedman made do not satisfy the exhaustion requirement. The earliest written notice relating to his 2018 tax return that Mr. Friedmann submits with his response is dated January 23, 2023 (Dkt. No. 27-1 at 9), but it does not include required information such as, for example, Mr. Friedmann's taxpayer identification number or any substantiating documentation.

For this reason, the Court finds that Mr. Friedmann has not established that he exhausted all administrative remedies and therefore has not established subject matter jurisdiction over his claims. However, as Mr. Friedman is pro se and may not have fully understood what he needed to demonstrate with regard to the notice given to the government, the Court will allow Mr. Friedman one final opportunity to amend his complaint and provide any additional information showing that he properly exhausted his administrative remedies in a timely manner.[3]

### 2.     Lack of Standing Under 26 U.S.C. § 7426

Mr. Friedmann brings a claim under 26 U.S.C. § 7426. Dkt. No. 24 at 3. Section 7426 permits four types of actions—actions for wrongful levy, surplus proceeds, substituted sale proceeds, or substitution of value. 26 U.S.C. § 7426(a)(1)–(4). Mr. Friedmann does not specify which action he is pursuing. As Mr. Friedmann does not allege any sale of property in connection with his 2018 tax return (meaning that there could be no surplus proceeds, sale proceeds, or substitution of value), the Court will construe Mr. Friedmann's Section 7426 claim

---

[3] For the reason stated in the next section, even if Mr. Friedmann exhausted his administrative remedies, his claim under 26 U.S.C. § 7426 would fail.

as a claim for wrongful levy under 26 U.S.C. § 7426(a)(1). As Defendants note, Section 7426(a)(1) permits a third party to recover where the IRS levies upon property held by that third party in order to collect taxes owed by another person. 26 U.S.C. § 7426(a)(1); *see also Washington*, 2021 WL 199279, at *5 ("In other words, if the IRS levies upon property held by a third party to collect taxes owed by another, the third party, not the taxpayer, may bring a wrongful levy action against the United States pursuant to § 7426(a)(1)."). But Mr. Friedmann is the taxpayer here, not a third-party holder of any property levied upon. *See* Dkt. No. 24. Because Mr. Friedmann is the taxpayer, not a third party, he has no standing to bring a wrongful levy claim under Section 7426. *Washington*, 2021 WL 199279, at *5 (barring taxpayer from bringing a wrongful levy claim under Section 7426).

### 3. Waiver of Sovereign Immunity

"It is well settled that the United States, as sovereign, may not be sued without its consent, and that the terms of its consent define the court's jurisdiction." *Washington v. United States*, No. C20-5801, 2021 WL 199279, at *5 (N.D. Cal. Jan. 20, 2021) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)). "Waivers of sovereign immunity must be unequivocally expressed and are 'strictly construed' in favor of the government." *Id.* (quoting *United States v. Idaho Dep't of Water Res.*, 508 U.S. 1, 6–7 (1993)). Thus, no suit against the United States can be maintained *unless the claims are made in exact compliance with the terms of the statute* under which the United States has consented to be sued. *Id.* (emphasis added). Where the United States has not consented to be sued and there is no waiver of sovereign immunity, the Court lacks jurisdiction over the action and dismissal is required. *Id.* Mr. Friedmann appears to allege an intentional tort or negligence claim. Dkt. No. 24 at 4.

The Federal Tort Claims Act ("FTCA") waives the government's sovereign immunity over claims against the United States for personal injury resulting from the negligent or wrongful

acts of its employees while acting within the scope of their employment (28 U.S.C. §§ 2671, *et seq.*). However, the FTCA expressly precludes claims arising "in respect of the assessment or collection of any tax," 28 U.S.C § 2680(c)—which is exactly the claim that Mr. Friedmann appears to allege here (Dkt. No. 24 at 4). "While [Section] 2680(c) is not limitless and 'does not confer absolute immunity on the IRS,' the provision nonetheless has been '"broadly construed" . . . to encompass actions taken during the scope of the IRS's tax assessment and collection efforts.'" *Hadsell v. United States*, No. C20-3512, 2021 WL 391299, at *6 (N.D. Cal. Feb. 3, 2021) (quoting *Snyder*, 859 F.3d at 1155, 1157), *aff'd*, No. C22-15760, 2023 WL 4418589 (9th Cir. July 10, 2023); *see also Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982) ("the provisions of the Federal Tort Claims Act specifically exclude claims based upon the performance of a discretionary function by a government officer and claims arising with respect to the assessment and collection of any tax"). Because Mr. Friedmann's claims arise from the assessment and collection of his 2018 taxes (*see generally* Dkt. No. 24), any tort or negligence claims fall squarely within the Section 2680(c) exception. Therefore, the United States is immune from such claims under the FTCA.

For the foregoing reasons, the Court lacks subject matter jurisdiction over Mr. Friedmann's claims under 26 U.S.C. §§ 7426, 7432, 7433, and common law claims.

**C.    Mr. Friedmann's Claims are Also Subject to Dismissal Under Rule 12(b)(6)**

**1.    Claim Under 26 U.S.C. § 7426**

As detailed above, *supra* Section III.B.2, Mr. Friedmann's claim under 26 U.S.C. § 7426 fails because it provides a cause of action for persons other than taxpayers. Therefore, Mr. Friedmann cannot state a claim under 26 U.S.C. § 7426, and the Court DISMISSES this claim without leave to amend.

### 2. Claim Under 26 U.S.C. § 7432

Mr. Friedmann's claim under 26 U.S.C. § 7432 for failure to release a lien (Dkt. No. 24 at 3) fails for two reasons.

First, Section 7432 requires "a plaintiff to bring a claim within two years after the date the right of action accrues." *Caudill v. United States*, No. C12-5065, 2012 WL 2688806, at *2 (W.D. Wash. June 15, 2012) (citing 26 U.S.C. § 7432), *affirmed by Caudill v. U.S. Dept. of Treasury*, 584 Fed. Appx. 389 (9th Cir. 2014); 26 U.S.C. § 7432(d)(3). The statutory filing period for actions brought under Section 7432 "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." *Kupman v. U.S.*, 188 F.3d 513, *1 (9th Cir. 1999) (unpublished). Because Mr. Friedmann has not pleaded facts showing that he discovered all essential elements of his possible cause of action within two years of filing this lawsuit, Mr. Friedmann has not stated a claim for relief under 26 U.S.C. § 7432. *Caudill*, 2012 WL 2688806, at *3.

Second, Section 7432 permits a civil claim by a taxpayer where "any officer or employee of the [IRS] knowingly, or by reason of negligence, fails to release a lien under 26 U.S.C. § 6325 on property of the taxpayer." 26 U.S.C. § 7432(a). A lien is a "legal right or interest that a creditor has in another's property, lasting . . . until a debt or duty that it secures is satisfied." Black's Law Dictionary (11th ed. 2019). A tax lien, specifically, is an interest on property imposed by the federal government for unpaid federal taxes. *U.S. v. Donahue Industries, Inc.*, 905 F.2d 1325, 1330 (9th Cir. 1990) ("A federal tax lien attaches to a taxpayer's property when unpaid taxes are assessed, and continues to attach until either the tax is paid or the lien becomes unenforceable because of lapse of time." (citing 26 U.S.C. §§ 6321, 6322)). Mr. Friedmann has made no allegations of a lien in this case. For this reason, even if Mr. Friedmann can demonstrate

in an amended complaint that he exhausted administrative remedies, this claim will still fail. Therefore, the Court DISMISSES this claim without leave to amend.

### 3. Claim Under 26 U.S.C. § 7433

As to Mr. Friedmann's claim under 26 U.S.C. § 7433 (Dkt. No. 24 at 3), Section 7433 permits a claim where "in the collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a). This means that a taxpayer may sue the United States for damages "for tax collection activity that violates some provision of the Revenue Code or the regulations promulgated thereunder." *Clift v. IRS*, 118 A.F.T.R.2d (RIA) 6117 (W.D. Wash. 2016) (quoting *Shwarz v. United States*, 234 F.3d 428, 433 (9th Cir. 2000)).

But again, Section 7433 requires a plaintiff to bring a claim "within two years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3); *see also Tritz v. United States*, 698 F. App'x 342, 343 (9th Cir. 2017) (holding that dismissal for lack of subject matter jurisdiction was proper where taxpayers did not file action under Section 7433 within two years of when their action accrued). The action accrues once Mr. Friedmann "had a reasonable opportunity to discover all essential elements of a possible cause of action." *Gottlieb v. IRS*, 4 Fed.Appx. 355, 356 (9th Cir. 2001). Because Mr. Friedmann has not pleaded facts showing that his claim for damages under Section 7433 is made in compliance with the terms of the statute (i.e., within the two-year statute of limitations), he has not stated a claim for relief under 26 U.S.C. § 7433. *Caudill*, 2012 WL 2688806, at *3; *see also Gottlieb*, 4 Fed.Appx. at 356 ("Accordingly, we agree with the district court that Gottlieb's claim accrued, at the latest, on November 7, 1995, the date on which the IRS responded unfavorably to his request for administrative relief."). In addition, Mr. Friedmann has not stated what provision of the Revenue Code or the regulations

have been violated. While the Court DISMISSES this claim, the Court will allow Mr. Friedmann an opportunity to amend his complaint as to this claim, if appropriate.

### 4.     Common Law Claims

Mr. Friedmann appears to allege an intentional tort or negligence claim. Dkt. No. 24 at 4. The FTCA "allows a plaintiff to bring certain state-law tort claims against the United States for torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 592 U.S. 209, 209 (2021). However, as the Court has already explained, the FTCA expressly precludes claims arising from the assessment or collection of taxes. *See supra* Section III.B.3. For this reason, Mr. Friedmann has not stated an intentional tort or negligence claim, and the Court DISMISSES these claims without leave to amend. *Or. Clinic, PC*, 75 F.4th at 1073 (upholding dismissal without leave to amend where amendment would be futile).

### 5.     Claim for Costs

Mr. Friedmann also appears to allege a claim for costs. Dkt. No. 24 at 5. Mr. Friedmann's complaint states that he has had "to undergo the arduous and burdensome process of obtaining court records from two different courts in two separate counties, one which will be via mail at a cost of $26.75," and has additionally had to spend $375 to serve Defendants "due to their efforts to evade service of process." Dkt. No. 24 at 5.

26 U.S.C. § 7430 permits limited claims for costs in connection with claims arising from the assessment or collection of taxes:

> In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—
>
>    (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and

(2) reasonable litigation costs incurred in connection with such court proceeding.

26 U.S.C. § 7430(a). Thus, Mr. Friedmann must demonstrate that he is a "prevailing party" in order to recover costs. *U.S. v. Jones*, No. C09-5016, 2010 WL 1410699, at *1 (W.D. Wash. Apr. 2, 2010). A prevailing party is any party in any tax proceeding who: "(i) has substantially prevailed with respect to the amount in controversy, or (ii) has substantially prevailed with respect to the most significant issue or set of issues presented." *Id.* As this litigation is at its outset, Mr. Friedmann's claim for costs is not yet ripe. He may seek the recovery of costs with an appropriate Application for Costs pursuant to 26 U.S.C. § 7430 following the final disposition of this action if he prevails.

D.      **Suits Involving Tax Refunds Should be Brought Under 26 U.S.C. § 7422**

As the Government points out (Dkt. No. 25 at 2), Mr. Friedmann may bring his refund suit under 26 U.S.C. § 7422, which permits a claim for "the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected." 26 U.S.C. § 7422(a). To state a claim under Section 7422, Mr. Friedmann must also allege that he has filed a claim for refund or credit with the Secretary pursuant to the administrative requirements promulgated at 26 C.F.R. § 301.6402-2.

IV.     CONCLUSION

For the reasons stated in this Order, the Court hereby:

1. GRANTS Defendants' motion to dismiss and dismisses without leave to amend as to his claims under 26 U.S.C. §§ 7426 or 7432 or tort or negligence claims.

2. GRANTS Plaintiff one final opportunity to file an amended complaint consistent with this Order. If Plaintiff files an amended complaint, the amended complaint:

    a. SHALL NOT include (1) the IRS and the former Commissioner of the IRS, Charles P. Rettig, as defendants or (2) claims under 26 U.S.C. §§ 7426 or 7432 or tort or negligence claims;

    b. SHALL Include facts concerning any written requests for Plaintiff's 2018 tax return made to the IRS as well as the date(s) of any such written communications; and

    c. SHALL be **filed by July 1, 2024.**

3. DENIES AS MOOT Plaintiff's Motion for Leave to Amend his complaint (Dkt. No. 26), Plaintiff's Motion to Strike All Responsive Filings By Defendants and Motion for Summary Judgment (Dkt. No. 28), and United States' Motion Under Federal Rule of Civil Procedure 56(d) (Dkt. No. 32).

Dated this 31st day of May 2024.

*[signature]*

Tana Lin
United States District Judge